**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
**YVONNE AND CHARLES HARVEY,**

                       **Plaintiffs,**

                                                          **ORDER**
        **-against-**                                             **07-CV-2465 (JG)**

**HOME SAVERS CONSULTING CORP.,**
**et al.,**

                       **Defendants.**
-----------------------------------------------------------------------X
**GOLD, S., U.S.M.J.:**

     By Order dated November 2, 2007, I granted plaintiffs' motion for leave to serve defendant Phil Simon through his attorney, Richard Peskin, by certified mail, pursuant to N.Y. C.P.L.R. § 308(5). Section 308(5) provides that a court may authorize an alternate method of service when service under paragraphs one, two and four is impracticable.

     Defendant Simon has submitted a memorandum opposing plaintiffs' motion. Docket Entry 21. Simon argues that plaintiffs' showing of impracticability is insufficient to justify an alternate method of service because plaintiffs failed to exercise due diligence when they attempted to serve him by conventional means. More specifically, Simon points out that (1) although plaintiffs contend that the offices of Home Savers, where Simon worked, have been abandoned, they have not submitted affidavits from process servers attesting to this fact; and (2) although plaintiffs assert that an internet search for Simon's home address yielded an unwieldy 203 matches, plaintiffs do not indicate whether the internet information included any other identifiers – such as marital status or gender – that might have narrowed down the result to a more manageable number.

     Plaintiffs address these contentions in their reply. Plaintiffs have now provided affidavits

of process servers confirming their efforts to serve Simon at the offices of Home Savers and the observations they made that led them to conclude that the offices were no longer in operation. Docket Entries 24-2 and 24-3. Plaintiffs have also submitted an affidavit of an attorney describing the lawyer's efforts to locate Simon and the absence of useful information in the results of the internet search. Docket Entry 24-4.

As plaintiffs point out, a finding of impracticability does not require proof of due diligence. *See Rampersad v. Deutsche Bank Securities, Inc.*, 2003 WL 21073951 (S.D.N.Y. May 9, 2003) (authorizing alternate method of service). The facts in *Rampersad*, as I noted when I issued my Order of November 2, 2007, are similar to those presented here. *Cf. Markoff v. South Nassau Community Hosp.*, 91 A.D.2d 1064, 458 N.Y.S.2d 672 (2d Dep't 1983) (holding that an attorney's conclusory affidavit was insufficient to support a finding of impracticability, but also noting that Section 308(5) does not require a showing that service under the other provisions of Section 308 could not be made despite due diligence).

For all these reasons, defendant Simon's opposition to plaintiffs' application lacks merit. The service made by plaintiffs pursuant to my order of November 2, 2007 and Section 308(5) is authorized. Defendant Simon shall answer the amended complaint by March 21, 2008, on pain of recommended entry of default.

**SO ORDERED.**

_____/s/_____
**Steven M. Gold
United States Magistrate Judge**

**Brooklyn, New York
February 27, 2008**