UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
YVONNE and CHARLES HARVEY,

              Plaintiffs,

    -against-                                    **ORDER**
                                                      **07-CV-2645 (JG)**

HOME SAVERS CONSULTING CORP., et al.,

              Defendants.
-----------------------------------------------------------x
GOLD, STEVEN M., U.S.M.J.:

       By Order dated March 6, 2008, the Honorable John Gleeson referred plaintiffs' motion for default judgments against Garth Celestine, Ophelia Ray, and Home Savers Consulting Corp. to me for a report and recommendation on what relief should be awarded. Absent a further application by plaintiffs, however, a determination of damages should be deferred to a later stage of this litigation for several reasons.

       First, in a multi-defendant case,

> where some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.

*Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (internal quotation marks and citation omitted). This principle derives from the Supreme Court's decision in 1872 in *Frow v. De La Vega*, 82 U.S. 552 (1872). The *Frow* holding has been narrowed to cases involving true joint liability. *Friedman v. Lawrence*, 1991 WL 206308, at *2 (S.D.N.Y. Oct. 2, 1991). *See also Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 fn.4 (2d Cir. 1976). Nonetheless, courts have also consistently delayed damages inquests even where a plaintiff seeks

joint and several liability in order "'to avoid the problems of dealing with inconsistent damage determinations.'" *Lawrence v. Vaman Trading Co., Inc.*, 1993 WL 190266, at *2 (S.D.N.Y. May 28, 1993) (*quoting In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1261-62 (7th Cir. 1980)). *See also 3947 Austin Blvd. Assocs. v. M.K.D. Capital Corp.*, 2006 WL 785272 (S.D.N.Y. Mar. 24, 2006) (concluding that assessment of damages against defaulting defendants was premature, even though defendants jointly and severally liable); *Lite-Up Corp. v. Sony Music Entm't, Inc.*, 1999 WL 436563, at *2 (S.D.N.Y. June 24, 1999) (same); *Montcalm*, 807 F. Supp. at 978 (same); *Friedman*, 1991 WL 206308, at *4 (same). *But see Int'l Gemmological Instit., Inc. v. Rafaeil*, 2005 WL 3880222, at *3 (S.D.N.Y. Aug. 17, 2005) (finding no reason to delay damages assessment despite concerns of inconsistency).

Determining the damages to be imposed against the defaulting defendants at this stage of the litigation would pose a risk of inconsistent awards. Plaintiffs allege they are victims of a "foreclosure rescue" scheme, and seek damages and other relief against several defendants. Plaintiffs contend that the various defendants, including those who have appeared as well as those who have not, engaged in a scheme to defraud plaintiffs through a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*. *See* Am. Compl. ¶¶ 149-95 (RICO claims); *see also id*. ¶¶ 228-32, 234-38 (fraud and conspiracy to commit fraud claims). Because defendants are alleged to have committed these acts together, they may be held jointly and severally liable for the same damages. Thus, deferring consideration of damages with respect to the defendants in default until after plaintiffs' contested claims are litigated will minimize the risk of inconsistent awards.

Moreover, during a conference held on March 11, 2008, plaintiffs indicated that they

might add parties or otherwise amend the pleadings. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668-669 (2d Cir. 1977). If plaintiffs file an amended complaint, the defaulting defendants must be included in any new complaint if plaintiffs wish to pursue their claims against the defaulting defendants, and plaintiffs must seek new default judgments against them if they again fail to appear.

Federal Rule of Civil Procedure 54(b) provides that "a court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay. . . ." If plaintiffs seek to proceed with a damages inquest against the defaulting defendants at this stage of the litigation, as opposed to deferring the inquest until the claims against the appearing defendants have been resolved, they shall submit a memorandum of law explaining why this court should conclude that "there is no just reason to delay" pursuant to Rule 54(b). *See Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 171 (2d Cir. 2002).

For all these reasons, and absent further application by plaintiffs, this Court will defer any determination of damages with respect to defendants Celestine, Ray, and Home Savers. Plaintiffs shall serve a copy of this Order on all defaulting defendants at their last known addresses.

**So Ordered.**

/s/
**Steven M. Gold**
**United States Magistrate Judge**

**March 14, 2008**
**Brooklyn, New York**

*U:\eoc 2008\Damages Inquests\harvey v home savers stay.wpd*